UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mohammad Abdallah Omran, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>James Comey *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Case: 1:16-cv-02171<br>Assigned To : Unassigned<br>Assign. Date : 10/31/2016<br>Description: Pro Se Gen. Civil |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Plaintiff is incarcerated at the Pine Prairie Correctional Center in Louisiana. He purports to bring (1) a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, against the United States, and (2) a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against high-level United States officials. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that merely offers "labels and conclusions[,] . . . a formulaic recitation of the elements of a cause of action . . . [or] naked assertion[s] devoid of further factual enhancement" does not suffice. *Id.* (citations and internal quotation marks omitted)).

The instant complaint arises from alleged events that took place in New Hampshire (where plaintiff was arrested), in Massachusetts (where his property allegedly was seized), and in Louisiana (where plaintiff resides). Plaintiff has sued the following high-level federal officials: Attorney General Loretta Lynch, Secretary of Homeland Security Jeh Johnson, FBI Director James Comey, Director of Immigration and Customs Enforcement ("ICE") Sara Saldana, and Director of ICE's Office of Professional Responsibility Timothy Moynihan. *See* Compl. Caption.

1. Plaintiff's *Bivens* Claim

A successful *Bivens* claim imposes personal liability on the offending individual found to have violated one's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) ("The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations.") Officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondent superior," and "vicarious liability" is inapplicable. *Iqbal*, 556 U.S. at 676. Consequently, to state a *Bivens* claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* The allegations in the complaint do not establish the named defendants as having participated personally or directly in the alleged wrongdoing. Therefore, the Court finds that no *Bivens* claim has been stated.

2. Plaintiff's FTCA Claim

Because the FTCA constitutes a waiver of the United States' immunity from suit, its terms must be strictly construed. *See Lane v. Pena*, 518 U.S. 187, 192 (1996) (noting that the United States may be sued only upon consent "unequivocally expressed in statutory text"). The FTCA provides a limited waiver of sovereign immunity for money damages "under

circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346 (b)(1).

Plaintiff parrots language in the FTCA but then asserts that "the defendants had an obligation to follow the law of the United States of America which guaranteed the plaintiff the Right against unreasonable search and seizure, the Right of due process before deprivation of property, the right to freedom of association and to free speech, and the Right to equal protection of the law." Compl. at 49. The FTCA does not waive the United States' immunity from suit based on constitutional violations, such as alleged here, because "[b]y definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Therefore, the Court finds that no FTCA claim has been stated.[1]

For the foregoing reasons, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: October 28, 2016

United States District Judge

---

[1] Even if plaintiff could successfully plead a claim under the FTCA, this court would not be the proper forum for adjudicating the claim because the FTCA requires that such claims be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). The complaint's allegations suggest three proper venues, none of which is the District of Columbia.